Filed 8/30/16  P. v. Thiessen CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CURTIS RAY THIESSEN,<br><br>    Defendant and Appellant. | F071486<br><br>(Super. Ct. No. VCF256972A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Smith, J.

Appointed counsel for defendant Curtis Ray Thiessen asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. We reverse the trial court's order denying defendant's petition for resentencing pursuant to Proposition 47 (Pen. Code § 1170.18),[1] and we remand for further proceedings.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

According to an amended copy of the abstract of judgment, on May 11, 2012, defendant pled to eight counts: three counts of vehicle theft (Veh. Code, § 10851), three counts of receiving stolen property (§ 496, subd. (a)), and two counts of reckless driving while evading a police officer (Veh. Code, § 2800.2). On June 14, 2012, the trial court sentenced defendant to eight years in prison: four years on one count of vehicle theft, three-year concurrent terms on each remaining count of vehicle theft and receiving stolen property, two-year concurrent terms on the evading counts, plus four years in prior prison term enhancements.

On December 4, 2014, defendant filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), requesting that the court reduce to misdemeanors his felony convictions for vehicle theft (Veh. Code, § 10851) and receiving stolen property (§ 496, subd. (a)).

On February 9, 2015, the trial court denied the petition for resentencing because defendant's convictions did not qualify for resentencing under Proposition 47.

On April 9, 2015, defendant filed a notice of appeal.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

**DISCUSSION**

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Vehicle theft (Veh. Code, § 10851) is not among the offenses listed in section 1170.18. Therefore, the trial court properly denied defendant's petition for resentencing of the three vehicle theft convictions. For the other three convictions for receiving stolen property, however, the answer is not so clear. The record on appeal is both sparse and conflicting. Defendant's pro. per. petition for resentencing recites these three convictions as receiving stolen property under section "496(a)." And the amended copy of the abstract of judgment attached as an exhibit also describes the convictions as receiving stolen property under section "496(a)." But an exhibit that appears to be a page from the complaint accuses defendant of "RECEIVING STOLEN PROPERTY, MOTOR VEHICLE, in violation of Penal Code section 496d(a)." And the prosecutor's written response to defendant's petition states that defendant's convictions under section "496d(a) are not eligible" for relief under section 1170.18. At the hearing, the trial court stated only that it denied the petition "because these are all auto theft cases." The minute

order of that hearing recites only this relevant description: "Ct 2: PC496D(A)" and checks a box stating the petition was denied.

If defendant's convictions were for violations of section 496d, subdivision (a), he is not eligible for resentencing under section 1170.18. If, however, his convictions were for violations of section 496, subdivision (a), he might be eligible for resentencing under section 1170.18 if the value of the property he received did not exceed $950.[2]

Accordingly, we reverse the order denying the petition and remand the case for the trial court to determine under which statute defendant was convicted in counts 2, 4, and 6, and to follow these instructions:

(1) If defendant was convicted under section 496d, subdivision (a), the trial court is instructed to amend the abstract of judgment to so reflect and to forward a certified copy to the Department of Corrections and Rehabilitation. The trial court is instructed to reinstate the order denying the petition.

(2) If defendant was convicted under section 496, subdivision (a), defendant may re-petition for resentencing under section 1170.18. But he bears the initial burden to establish his eligibility for resentencing under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*).) Resentencing on receiving stolen property is not automatic. Defendant must show he "would have been guilty of a misdemeanor … had

---

**2** Section 496, subdivision (a) provides: "(a) Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

4

[Proposition 47] been in effect at the time of the offense." (§ 1170.18, subd. (a).) If he can show that the value of the property he received did not exceed $950, he may be eligible for resentencing (§ 496, subd. (a)). Defendant should include with his petition evidence proving his eligibility. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.) The petition "could certainly contain at least [defendant's] testimony about the nature of the items taken" (*Sherow, supra,* at p. 880) and "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief" (*People v. Perkins, supra,* at p. 140). If defendant makes "the initial showing[,] the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow, supra,* at p. 880.) Further factual determinations might include whether defendant was previously convicted of a super strike and whether a new sentence would result in an unreasonable risk of danger to public safety.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed. The matter is remanded to the trial court for further proceedings as described above. If the trial court merely amends the abstract of judgment, the trial court's order denying the petition is reinstated and the modified judgment is affirmed.